**Ranjeet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71285.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 15, 2007.

Timothy P. Redmond, Esq., Charlotte, NC, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Ranjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of motions to reopen for abuse of discretion, and we review de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA acted within its discretion in denying Singh's motion to reopen as untimely because it was filed more than three years after the BIA's final removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motions to reopen must be filed within 90 days of the final administrative removal order).

The BIA acted within its discretion by not applying equitable tolling because Singh admitted to actively participating with his former counsel in presenting a fabricated asylum claim to the immigration court. *See Iturribarria*, 321 F.3d at 899 (filing deadline may be tolled until the petitioner, exercising due diligence, becomes aware of counsel's alleged fraud).

Singh's due process claim is unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (petitioner must show error and substantial prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.